**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellant*,

v.

DAVID WESLEY REINHART,
*Defendant-Appellee.*

No. 16-10409

D.C. No.
4:15-cr-00330-JSW-1

OPINION

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted November 16, 2017
San Francisco, California

Filed June 18, 2018

Before: Ronald M. Gould and Mary H. Murguia, Circuit
Judges, and Nancy Freudenthal,* Chief District Judge.

Opinion by Judge Murguia

---

\* The Honorable Nancy Freudenthal, Chief United States District
Judge for the District of Wyoming, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel affirmed the district court's imposition of a 78-month sentence for two counts of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

The government argued that based on the defendants' prior convictions for possession of child pornography (Calif. Penal Code § 311.11(a)) and sexual exploitation of child (Calif. Penal Code § 311.3(a)), he was subject to the ten-year mandatory minimum set forth in 18 U.S.C. § 2252(b)(2) for having had a prior state conviction "relating to" the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography. The government also argued that in determining whether the prior convictions trigger the § 2252(b)(2) enhancement, the usual *Taylor* categorical approach does not apply, because the words "relating to" in § 2252(b)(2) mandate a broader comparison of the offenses in the federal and state statutes than the usual comparison between the elements of the state and federal statutes.

Because the terms "child pornography" and "sexually explicit conduct" are explicitly defined in the same statutory chapter as the sentencing enhancement provision at § 2252(b)(2), the panel did not depart from the usual, elements-based, categorical approach to determine whether

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

the defendant's prior California statutes of conviction trigger the mandatory minimum provision in § 2252(b)(2).

Following *United States v. Chavez-Solis*, 803 F.3d 1004 (9th Cir. 2015), the panel held that § 311.11(a) is categorically overbroad because it sweeps in depictions of a broader range of "sexual conduct" than the federal child pornography statute; and that the statute is not divisible. The panel likewise held that § 311.3(a) is categorically overbroad as compared to the federal definition of "sexually explicit conduct," and that it is not divisible. The panel therefore did not look to any fact-specific documents to determine whether either of the defendant's prior convictions was an offense "relating to" the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography under § 2252(b)(2), and concluded that neither of the prior convictions triggers the mandatory minimum sentence.

## COUNSEL

Jonas Lerman (argued), Assistant United States Attorney; J. Douglas Wilson, Chief, Appellate Division; United States Attorney's Office, San Francisco, California; for Plaintiff-Appellant.

Ned Smock (argued), Assistant Federal Public Defender; Steven G. Kalar, Federal Public Defender; Office of the Federal Public Defender, Oakland, California; for Defendant-Appellee.

**OPINION**

MURGUIA, Circuit Judge:

David Reinhart was convicted of two counts of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). A defendant convicted of this offense who has "a prior conviction . . . under the laws of any State *relating to* . . . the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography" is subject to a ten-year mandatory minimum sentence. 18 U.S.C. § 2252(b)(2) (emphasis added). Reinhart was previously convicted of possession of child pornography and sexual exploitation of child, in violation of California Penal Code §§ 311.11(a) and 311.3(a), respectively. We decide whether Reinhart's prior California convictions constitute offenses "relating to" child pornography under 18 U.S.C. § 2252(b)(2), which imposes a ten-year mandatory minimum sentence. The district court found neither of Reinhart's prior convictions constituted prior convictions under 18 U.S.C. § 2252(b)(2). We affirm.

## I. Background

In June 2015, the government charged Reinhart with two counts of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The charges were based on images of child pornography discovered during an undercover online investigation and execution of a search warrant on Reinhart's residence. Reinhart pleaded guilty to both counts without a plea agreement. At sentencing, the parties disputed whether Reinhart's prior California convictions constituted prior convictions under 18 U.S.C. § 2252(b)(2) and whether Reinhart should be sentenced pursuant to § 2252(b)(2)'s ten-year mandatory minimum. Prior to sentencing, both the government and Reinhart

submitted sentencing memoranda arguing their respective positions on the issue.

Previously, in 2002, Reinhart was convicted of two misdemeanor counts of violating California Penal Code § 311.11(a), possession of child pornography, and one misdemeanor count of violating California Penal Code § 311.3(a), sexual exploitation of child. The convictions arose from police officers' search of Reinhart's apartment where the officers found printed images of children that qualified as child pornography under California law. At sentencing in the present case, the district court considered whether these prior California convictions triggered the federal sentencing enhancement, § 2252(b)(2), which would require the court to impose a ten-year mandatory minimum sentence. Section 2252(b)(2) is a recidivist penalty and sentencing enhancement for those, such as Reinhart, convicted federally of possession of child pornography under § 2252(a)(4),  and who have certain prior offenses. It provides:

> if such person [convicted under § 2252(a)(4)] has a prior conviction under . . . the laws of any State *relating to* aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

§ 2252(b)(2) (emphasis added).

At sentencing before the district court, the government argued that the words "relating to" in § 2252(b)(2) should be

read broadly to encompass state statutes even if the state statutes of conviction do not categorically match the definition of federal child pornography offenses. Reinhart contended that the usual categorical approach should apply, and under that analysis, Reinhart's prior California convictions were not a categorical match and were overbroad as compared to the federal definition of child pornography offenses in § 2252(b)(2).

The district court agreed with Reinhart and concluded that Reinhart's prior California convictions were not predicate offenses constituting convictions "relating to . . . child pornography" under § 2252(b)(2). The district court relied on the United States Supreme Court's decision in *Mellouli v. Lynch*, 135 S. Ct. 1980 (2015), and found that because "child pornography" was a federally-defined term, the district court had to apply a narrower reading of "relating to" in § 2252(b)(2) under the categorical approach. Applying the categorical approach, the district court compared the elements of Reinhart's California statutes of conviction, § 311.11(a), possession of child pornography, and § 311.3(a), sexual exploitation of child, to the federal definition of "child pornography." This required the district court to look at the federal definition of "sexually explicit conduct," a defined term within the definition of "child pornography" at 18 U.S.C. § 2256(8).[1] Relying on this

---

[1] [C]hild pornography is defined as "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (C) such visual depiction has been created, adapted, or modified to appear that an

district court's prior case law, the court held that California Penal Code § 311.11(a) was categorically broader than any offense described in the federal counterparts 18 U.S.C. §§ 2251, 2251A, or 2252. *See Chavez-Solis v. Lynch*, 803 F.3d 1004 (9th Cir. 2015). The district court also found that § 311.11(a) was indivisible. The district court found California Penal Code § 311.3(a), sexual exploitation of a child, was overbroad because it included broader conduct than under the federal statutes, and that it was also indivisible. Because neither of Reinhart's prior California convictions was a categorical match to the federal definition of child pornography, the offenses did not constitute predicate offenses under § 2252(b)(2), and the ten-year mandatory minimum sentence did not apply.

Without the mandatory minimum, Reinhart's sentencing guideline range was 78 to 97 months imprisonment. The district court sentenced Reinhart to 78 months imprisonment with a ten-year supervised release term to follow. The government appeals the district court's determination that § 2252(b)(2)'s sentencing enhancement did not apply.

## II. Discussion

On appeal, we must determine whether the words "relating to" in the ten-year mandatory minimum statutory sentencing provision at § 2252(b)(2) require us to break from our usual, elements-based categorical approach for determining when state statutes of conviction trigger a federal sentencing enhancement and instead, apply a broader comparison between the state statutes and the federal statutes. Here, we consider whether Reinhart's prior

---

identifiable minor is engaging in sexually explicit conduct." 18 U.S.C. § 2256(8).

California statutes of conviction fall under the federal definition of "child pornography" offenses as used in § 2252(b)(2). We review de novo whether prior convictions support statutory mandatory-minimum enhancements. *United States v. Sullivan*, 797 F.3d 623, 635 (9th Cir. 2015) (citing *United States v. Strickland*, 601 F.3d 963, 967 (9th Cir. 2010) (en banc)).

### A. "Relating to" and the Categorical Approach

This court applies the *Taylor* categorical approach to determine whether a state statute of conviction falls within a specified class of federal offenses. *See Sullivan*, 797 F.3d at 635–37 (citing this court's "usual categorical approach"); *United States v. Sinerius*, 504 F.3d 737, 740 (9th Cir. 2007) (citing *Taylor v. United States*, 495 U.S. 575 (1990)). Under *Taylor*'s familiar two-step test, "the court first defines the federal generic definition of the crime, and then compares the elements of the state offense with that definition" to determine whether there is a "categorical match." *Sullivan*, 797 F.3d at 635 (citation omitted). "If the state offense criminalizes the same or less conduct than the federal generic definition of the crime, then it is a categorical match to the federal generic offense. But where a state statute of conviction criminalizes more conduct than the federal generic offense, it does not qualify as a categorical match" and is considered overbroad. *Id.* (internal citations omitted).

When a statute is overbroad, the categorical inquiry does not end. *Descamps v. United States*, 133 S. Ct. 2276, 2283–84 (2013). Instead, we inquire whether the statute, though overbroad, is nevertheless divisible. *Id.* A statute is divisible when it lists potential offense elements, some of which would fall under the generic federal definition and some that would not. *Id.* at 2284. The government must prove elements of an offense beyond a reasonable doubt. *Id.* Elements are

not merely means of committing the offense listed in the alternative. *Id*. If the statute is divisible, the court applies the modified categorical approach in which it may look at certain documents that illuminate the underlying facts of the state conviction. *Id*. With those additional facts, the court may then be able to determine whether the particular state offense falls under the relevant federal statute.

Here, the portion of the federal sentencing statute at issue applies when an individual has a prior state conviction "relating to . . . the . . . possession . . . of child pornography." 18 U.S.C. § 2252(b)(2). To ascertain the generic federal definition, we look to the federal definition of "child pornography." *See* 18 U.S.C. § 2256(8). That federal definition is compared to the elements in Reinhart's two state statutes of conviction—California Penal Code § 311.11(a), possession of child pornography, and § 311.3(a), sexual exploitation of child.

The government argues the usual *Taylor* categorical approach does not apply. Relying on our decision in *Sullivan*, it contends that the words "relating to" in § 2252(b)(2) mandate a broader comparison of the offenses in the federal and state statutes rather than the usual comparison between the elements of the state and federal statutes. *See Sullivan*, 797 F.3d at 638. In *Sullivan*, the defendant was in part convicted under the same federal provision as Reinhart, 18 U.S.C. § 2252(a)(4)(B). *Id*. at 627. Sullivan, however, had produced and possessed a sexually explicit video depicting a 14-year-old girl with whom he had a sexual relationship. *Id*. at 627–28, 630. Unlike Reinhart, Sullivan's prior state convictions were not possession of

child pornography offenses, but sexual abuse offenses.[2] *Id*. at 627–28, 636.

The *Sullivan* court began by recognizing that this court would "generally apply the categorical approach set forth in *Taylor*." *Id*. at 635. Sullivan's prior state convictions correlated with the "aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward" clause in § 2252(b)(2). *Id*. at 636. The *Sullivan* court determined the commonality between the three types of offenses listed in the federal statute § 2252(b)(2) involve "sexual conduct and abuse," and therefore, the court first had to identify the generic meaning of those terms. *Id*. There is no federal definition of "aggravated sexual abuse," "sexual abuse," or "abusive sexual conduct" in the same statutory chapter as § 2252(b)(2), chapter 110, sexual exploitation and other abuse of children. Without a specific definition, the court considered the definition of the offenses "based on the ordinary, contemporary, and common meaning of the statutory words." *Sullivan*, 797 F.3d at 636 (quoting *Sinerius*, 504 F.3d at 740 (holding that in cases involving "non-traditional offenses" the court employs the categorical approach by defining the offenses based on the common meaning of the statutory words)). The *Sullivan* court undertook the categorical approach and concluded Sullivan's priors were not a categorical match to the federal generic definitions for sexual abuse of a minor. *Id*. at 637.

---

[2] Specifically, Sullivan had been convicted of: unlawful sexual intercourse in violation of California Penal Code § 261.5(d); oral copulation with a minor in violation of California Penal Code § 288a(b)(2); pimping in violation of California Penal Code § 266h(a); and pandering in violation of California Penal Code § 266i(a)(2). *Id*. at 627–28.

The court, however, did not stop there. It went on to hold that the words "relating to" in the federal sentencing enhancement at § 2252(b)(2) mandated a different method than the usual elements-based categorical approach. *Id*. at 637–38. The court held that as to the sexual conduct and abuse clause in § 2252(b)(2), because of the words "relating to," the court need only find that the state statute of conviction "is one categorically 'relating to' such federal offenses." *Id*. The court cited to *Sinerius*, which considered similar "relating to" language in 18 U.S.C. § 2252A(b).[3] *Id*. *Sinerius*, like *Sullivan*, addressed sexual conduct and abuse convictions, and *Sinerius* held that use of the phrase "relating to" in that context mandated a federal enhancement for a state offense "that stands in some relation, bears upon, or is associated with th[e] generic offense." 504 F.3d at 743. The *Sullivan* court, following *Sinerius*, rejected the argument that the strict categorical approach applied. It held that a prior conviction could trigger a sentencing enhancement under § 2252(b)(2) even when the statutory definition of the prior offense was not equivalent to a federal generic definition. *Sullivan*, 797 F.3d at 638.

*Sullivan* distinguished its holding from *Mellouli*, in which the Supreme Court held the usual categorical approach applied to a federal statute despite that statute's use of the words "relating to." *Id*. at 638–39; *Mellouli*, 135 S. Ct. at 1984. The question presented in *Mellouli* was whether a Kansas conviction for using drug paraphernalia triggered the federal immigration statute that makes an alien subject to deportation if he is "convicted of a violation of [a state law] *relating to* a controlled substance (as defined in section 802

---

[3] 18 U.S.C. § 2252A is a statutory sentencing enhancement entitled, "Certain activities relating to material constituting or containing child pornography."

of Title 21)." *Id.*; *see* 8 U.S.C. § 1227(a)(2)(B)(i) (emphasis added). The Supreme Court rejected the government's argument that "nearly a complete overlap" between the conduct punished under the state and federal statutes was sufficient for the state drug paraphernalia offense to trigger the federal controlled substance statute. *Mellouli*, 135 S. Ct. at 1989–91. *Mellouli*, citing the historical use of the categorical approach to determine whether a state conviction renders an alien removable, applied the usual categorical approach. *Id.* at 1985–87. *Mellouli* highlighted that in drafting the immigration statute, Congress predicated deportation "on convictions, not conduct," and accordingly, the proper approach was to look to statutory definitions, not underlying conduct. *Id.* at 1986. *Mellouli* cautioned that although the words "relating to" are "broad" and "indeterminate," "those words, 'extend[ed] to the furthest stretch of [their] indeterminacy, . . . stop nowhere.'" *Id.* at 1990. *Mellouli* held that "[c]ontext, therefore, may tug . . . in favor of a narrower reading." *Id.* (internal quotation marks, citation, and alterations omitted).

From *Mellouli*, the *Sullivan* court drew the principle that "where language and historical context tug 'in favor of a narrower reading,'" "relating to" may still allow for the categorical approach. *Sullivan*, 797 F.3d at 638 (quoting *Mellouli*, 135 S. Ct. at 1990). The *Sullivan* court, however, held that neither the language nor history of § 2252(b)(2), as to the sexual conduct and abuse clause, required that narrow reading. *Id.* at 640. The court held there was no textual restriction to the words "sexual abuse" or "abusive sexual conduct involving a minor or ward." *Id.* Unlike the statute in *Mellouli* that included a limiting parenthetical referencing the federal statutory definition for "controlled substance," there was no reference to a federal statutory definition of "sexual abuse" and "abusive sexual conduct." *See id.*

*Sullivan* also noted that there was no historical background of a requirement of a "direct link" between the state crime of conviction and federal statute as had been required in the immigration context. *Id.*

The government urges that *Sullivan* determines the outcome in this case. We disagree. At the outset, we recognize that *Sullivan* examined the same federal sentencing enhancement statute at issue here, § 2252(b)(2). But § 2252(b)(2) describes a number of prior types of state offenses, some of which include federally-defined terms, and some of which do not. As *Sullivan* directs, the language of a statute and any related textual restrictions may favor a narrower reading. *See Sullivan*, 797 F.3d at 638. Accordingly, we look at the different types of offenses listed in separate clauses in § 2252(b)(2) to determine whether a narrower reading of "relating to" and the categorical approach should apply. Here, it does.

The case at bar is distinguishable from *Sullivan* and *Sinerius* because in those cases, the applicable terms were not defined within the same chapter that the terms appeared. Here, we conclude that, applying well-established statutory principles, where there is a federal definition of "child pornography" in the same statutory chapter as the sentencing enhancement provision at § 2252(b)(2), we apply that definition. *See Sinerius*, 504 F.3d at 742–43. In both *Sullivan* and *Sinerius*, the court analyzed the terms "sexual abuse" and "abusive sexual conduct." Those terms are undefined in the relevant title 18, chapter 110, sexual exploitation and other abuse of children. In contrast to *Sullivan* and *Sinerius*, Reinhart's prior statutes of convictions correlate to the possession of child pornography clause in § 2252(b)(2), and "child pornography," is explicitly defined in chapter 110's § 2256 definitional provision. *See* 18 U.S.C. § 2256(8).

That the overall statutory scheme in chapter 110 defines "child pornography" matters. *Sinerius* relied on "well-established principles of statutory interpretation," in holding that predicate sex offenses under § 2252A, a statutory sentence enhancement provision, were not defined by cross-reference to the federal offense of "sexual abuse" under 18 U.S.C. § 2242. *See Sinerius*, 504 F.3d at 742–43. The court reasoned that § 2242, sexual abuse, is not a definitional provision applicable to § 2252A, which is codified in title 18, crimes and criminal procedure, chapter 110, sexual exploitation and other abuse of children. *Id*. at 743. Rather, "[t]he definitions applicable to chapter 110 [regarding sexual exploitation and other abuse of children] are located in 18 U.S.C. § 2256," whereas the relevant provision in *Sinerius* was § 2242, located in a different chapter, 109A, sexual abuse. *Id*. at 743. In short, *Sinerius* rejected the argument that the definition of § 2252A(b)'s term "sexual abuse" was limited to the term as defined in § 2242, because those two provisions were in different chapters, chapter 110, sexual exploitation and other abuse of children, and chapter 109A, sexual abuse, respectively. *See id*. at 742–43. The court held that an out-of-chapter definition could not control the definition of the term in a separate chapter. Moreover, the court stated that it inferred from Congress's decision to not provide a specific definition of "sexual abuse" in the chapter 110 definitional provision that it was "Congress's intent to define 'sexual abuse' as a generic offense, understood by its ordinary and common meaning." *Id*. at 743.

*Sullivan* dealt with the same statutory sentencing enhancement provision at issue here, § 2252(b)(2), but addressed the same types of offenses as in *Sinerius*—those involving "aggravated sexual abuse, sexual abuse, [or] abusive sexual conduct involving a minor or ward." *Sullivan*,

797 F.3d at 636 (alteration in original). As *Sinerius* provided, the terms of those offenses are not specifically defined and may be considered generic offenses. *Sinerius*, 504 F.3d at 743. Therefore, *Sinerius*'s reasoning that those terms and offenses should be generally defined by their ordinary and common meaning also applied in *Sullivan*. *See Sullivan*, 797 F.3d at 636–37. That reasoning, however, does not apply to Reinhart's case.

Here, the applicable clause in § 2252(b)(2) is "child pornography." Unlike the terms in *Sinerius* and *Sullivan*, there is a federal definition of "child pornography" in the same chapter as § 2252(b)(2), chapter 110. The definition of "child pornography," includes the term "sexually explicit conduct," which in turn, is also defined in chapter 110's definitional provision, § 2256. 18 U.S.C. § 2256(2)(A). Accordingly, applying well-established statutory principles, where there are federal definitions in chapter 110 that apply to the relevant "child pornography" clause in § 2252(b)(2), we apply those definitions. *See Sinerius*, 504 F.3d at 742–43. These definitions provide a basis in the statutory text that requires a narrower reading of "relating to." *See Sullivan*, 797 F.3d at 639 (holding statutory text may favor a narrower reading of "relating to").

Because of the applicable definitional provisions, the present case is akin to *Mellouli* where, because of the statutory text and historical context, "relating to" was given a narrower reading and the Supreme Court applied the usual categorical approach. *Mellouli*, 135 S. Ct. at 1990–91. In *Mellouli*, the federal immigration statute, 8 U.S.C. § 1227(a)(2)(B)(i), used "relating to" referring "to a controlled substance," and the statute included a parenthetical to clarify that "controlled substance" was defined as in § 802 of title 21, a federal drug schedule. *Id*. at

1984 (citing 8 U.S.C. § 1227(a)(2)(B)(i)). Accordingly, the Court held that the immigration provision, 8 U.S.C. § 1227(a)(2)(B)(i), limited the meaning of "controlled substance" to the referenced federal definition. *Id*. at 1990–91. Despite the words "relating to" in the federal immigration provision, the usual categorical approach applied. *See id*.

We are not convinced by the government's attempt to distinguish this case from *Mellouli*. The governments argues that *Mellouli* required a narrow approach because of the immigration statute's use of a parenthetical to specifically reference the federal definition of "controlled substance." The statute in *Mellouli* was an immigration removal statute, title 8 U.S.C. § 1227, deportable aliens. Within that removal statute the definition of "controlled substance" referenced was title 21 U.S.C. § 802. The immigration statute specifically provided a cross-reference to the drug schedule definition because the two statutes were in completely different titles of the federal statutes. The reader needed guidance to the location of the federal drug schedule.

The federal statute at issue here—the mandatory minimum sentencing provision—is at 18 U.S.C. § 2252 within chapter 110, sexual exploitation and other abuse of children. The relevant definitions for "child pornography" and "sexually explicit conduct," also are in title 18 and chapter 110 at § 2256, entitled "definitions for chapter." Section 2256 states that the definitions of the terms therein apply "[f]or purpose of this chapter." Unlike *Mellouli*, the reader of § 2252 need not venture out to a different federal statutory title or chapter. The reader need only look within the same chapter, 110, to the marked definitional section that applies to the entire chapter. Because the link to § 2256's definitions for chapter 110 is clear from the statutory

structure, we do not read the absence of a specific parenthetical referring to a definitional provision to be a significant distinction from *Mellouli*.

In sum, we hold that the because the terms "child pornography" and "sexually explicit conduct," are explicitly defined in chapter 110, the statutory text "tug[s] . . . in favor of a narrower reading" of "relating to." *See Mellouli*, 135 S. Ct. at 1990 (internal quotation marks and citation omitted); *Sullivan*, 797 F.3d at 638. Therefore, we do not depart from the usual, elements-based, categorical approach to determine whether Reinhart's prior state statutes of conviction trigger the federal mandatory minimum provision in § 2252(b)(2) for individuals with prior offenses "relating to" child pornography.

In so holding, we note that we are at odds with the Tenth Circuit. *See United States v. Bennett*, 823 F.3d 1316 (10th Cir. 2016) (holding defendant's prior Colorado conviction for sexual exploitation of a child related to child pornography triggering the mandatory minimum ten-year sentence under § 2252A(b)(2)).[4] The dissent in *Bennett*,

---

[4] The Eighth Circuit has also addressed how to determine what state convictions trigger § 2252(b)(1)'s mandatory minimum sentence. *United States v. Mayokok*, 854 F.3d 987 (8th Cir. 2017). *Mayokok* stated it employed the categorical approach to determine whether a prior conviction triggers a mandatory minimum sentence under § 2252(b)(1). *Id*. at 991. The *Mayokok* court determined that the state statute at issue punished more conduct than would be punishable under federal law, which would render it overbroad. *See id*. at 991–93. The court, however, then dismissed the categorical approach and reframed the inquiry as whether the "full range of conduct" under the state statute of conviction "*relates to* the 'possession . . . of child pornography' as that term is defined under federal law." *Id*. at 993 (emphasis in original). *Mayokok* also references *Morales v. Trans. World Airlines, Inc.*, 504 U.S. 374, 383 (1992), in a footnote. *Id.* at 993 n.2. In *Morales*, the Supreme Court noted

however, persuasively counters several of the government's arguments in the present appeal. *See Bennett*, 823 F.3d at 1327 (Hartz, J., dissenting). The dissent in *Bennett* recognizes, and Reinhart concedes, that unlike *Mellouli*, within the § 2252 context, there is no historical requirement of a "direct link" between the state crime of conviction and the particular federal offense conduct. *Id*. at 1329 (citing *Mellouli*, 135 S. Ct. at 1990). However, we agree with the dissent in *Bennett* that it is not clear from *Mellouli* that the history of such a direct link is a requirement for a narrower reading of "relating to," or that such a link was essential to *Mellouli*'s holding. *See id*. Rather, the Supreme Court concluded its analysis in *Mellouli* with its concern about how the government's proposed "sweeping interpretation departs so sharply from the statute's text and history that it [could not] be considered a permissible reading." *Mellouli*, 135 S. Ct. at 1990.

We also recognize the government's argument that in enacting § 2252(b)(2)'s mandatory-minimum enhancement for recidivists, Congress intended to broaden the scope of what prior crimes might trigger the enhancement. Despite this, as *Mellouli* cautioned and as the *Bennett* dissent reiterated, "[the 'relating to' language's] interpretation must somehow be anchored to prevent it from drifting aimlessly." *Bennett*. at 1327 (Hartz, J., dissenting). Here, that anchor is the federal definition of child pornography defined in the same chapter as § 2252(b)(2).

---

the broad interpretation of the phrase "relating to." *Id*. Although we assume that Congress used the phrase "relating to" for a purpose, *Mellouli* and *Sullivan* also counsel that we must look at the statutory scheme and text, which here, include a specific federal definitional provision, § 2256. *Mayokok* did not address this definitional provision, and we do not find *Mayokok* persuasive.

The government argues that applying the usual categorical approach will have the effect of making § 2252(b)(2) inapplicable in numerous states that define child pornography more broadly than the federal definition. Indeed, this may be true. Because of the way Congress has drafted the federal definition of child pornography, in some cases the federal definition is more restrictive than state definitions. In those cases, the ten-year mandatory minimum sentence may not apply to defendants. However, that the mandatory minimum may not apply does not mean that overly lenient sentences will be imposed. District courts still use the sentencing guidelines to guide their decisions. Moreover, "[b]y focusing on the legal question of what a conviction *necessarily* established, the categorical approach ordinarily works to promote efficiency, fairness, and predictability . . . ." *Mellouli*, 135 S. Ct. at 1987 (emphasis in original).

Finally, in support of its interpretation of "relating to," the government argues that a narrower interpretation of the phrase would render the words meaningless, contrary to the principles of statutory interpretation. *Mellouli* rejected this argument when it applied the strict, usual categorical approach. *See Mellouli*, 135 S. Ct. at 1990–91. "Relating to" still has meaning, but here, its meaning is anchored to the federal definition of "child pornography."[5]

We conclude that the statutory scheme and text, including the applicable federal definitions of "child

---

[5] We acknowledge that our holding, in conjunction with *Sullivan*, results in reading the "relating to" phrase differently as to different provisions of § 2252(b)(2). However, this is the appropriate reading in light of *Mellouli* and the fact that § 2252(b)(2) contains some clauses of defined terms that require a narrow reading of "relating to," and some of undefined terms that require a broad reading.

pornography" and "sexually explicit conduct" weigh in favor of reading narrowly "relating to" in § 2252(b)(2). Accordingly, we apply the categorical approach.

## B.  Applying the Categorical Approach

Under the *Taylor* categorical approach, we make a categorical comparison of the elements of the state statute of conviction and the federal generic definition. *Chavez-Solis v. Lynch*, 803 F.3d 1004, 1006 (9th Cir. 2015). Here, we compare the elements of California Penal Code § 311.11(a), possession of child pornography, and California Penal Code § 311.3(a), sexual exploitation of a child under 18 years old, with those of 18 U.S.C. §§ 2252(b)(2) and 2252(a)(4)(B).

The federal possession of child pornography statute, 18 U.S.C. § 2252(a)(4)(B), which Reinhart was convicted under, punishes a person who:

> knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction . . . if—(i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct.

18 U.S.C. § 2252(a)(4)(B)). The definitional provision in the same chapter, chapter 110, defines "child pornography" as "any visual depiction . . . of sexually explicit conduct, where—(A) the production of such visual depiction involves

the use of a minor engaging in sexually explicit conduct."[6] 18 U.S.C. § 2256(8). In turn, § 2256 defines "sexually explicit conduct" as actual or simulated:

> (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
>
> (ii) bestiality;
>
> (iii) masturbation;
>
> (iv) sadistic or masochistic abuse; or
>
> (v) lascivious exhibition of the genitals or pubic area of any person;

18 U.S.C. § 2256(2)(A).[7] These definitions constitute the generic federal definition. *See Chavez-Solis*, 803 F.3d at 1006–07. We compare the elements of the generic federal

---

[6] The remainder of the statute reads: "(B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct." 18 U.S.C. § 2256(8).

[7] Within § 2256 there are two definitions for "sexually explicit conduct." The definition in § 2256(2)(B) applies only to one part of the definition of "child pornography" in subsection (8)(B) of § 2256, that addresses digital, computer, or computer-generated images. That there are two definitions is not meaningful in this case as both the definitions for § 2256(2)(A) and (2)(B) list the same underlying conduct.

definition to Reinhart's two prior convictions under California Penal Code §§ 311.11(a) and 311.3.

### 1. California Penal Code § 311.11(a)

Reinhart was previously convicted under California Penal Code § 311.11(a), possession or control of matter depicting minor engaging in or simulating sexual conduct. The statute punishes a person who "knowingly possesses or controls any matter, representation of information, data, or image, . . . the production of which involves the use of a person under 18 years of age, knowing that the matter depicts a person under 18 years of age personally engaging in or simulating sexual conduct." Cal. Penal Code § 311.11(a). In turn, "sexual conduct" is defined as actual or simulated:

> sexual intercourse, oral copulation, anal intercourse, anal oral copulation, masturbation, bestiality, sexual sadism, sexual masochism, penetration of the vagina or rectum by any object in a lewd or lascivious manner, exhibition of the genitals or pubic or rectal area for the purpose of sexual stimulation of the viewer, any lewd or lascivious sexual act as defined in Section 288, or excretory functions performed in a lewd or lascivious manner.

Cal. Penal Code § 311.4(d)(1).

Our court has previously conducted the categorical analysis of California Penal Code § 311.11(a) and the federal definition of "child pornography" and "sexually explicit conduct," and held that the California statute of conviction is overbroad compared to the federal definition. *Chavez-*

*Solis*, 803 F.3d at 1006–08.**[8]** In *Chavez-Solis*, the court held that because of California's definition of "sexual conduct," the California statute was overbroad. *Id*. at 1008. The California definition of sexual conduct, "unlike the federal statute, . . . include[s] 'any lewd or lascivious sexual act as defined in [California Penal Code] Section 288,'" which is entitled, "Lewd or lascivious acts; penalties; psychological harm to victim." *Id*. at 1008. "Section 288 prohibits 'any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child.'" *Id*. at 1008–09; Cal. Penal Code § 288(a). "Section 288 is quite broad." *Id*. at 1009. It encompasses any contact without a requirement that a specific or intimate body part be touched, so long as the touching of an underage child was for the purpose of sexual arousal. *Id*. Because California's definition of "sexual conduct" as used in § 311.11(a) encompasses the full range of conduct proscribed by § 288, the definition is overbroad compared to the federal statute's definition of "sexually explicit conduct" in § 2256. *Id*. Nothing in the federal statute would include the broader conduct of "any touching" on "any part" of a child's body with the intent of arousing sexual desires. *Id*. We must follow *Chavez-Solis*'s holding that California's possession of child pornography statute under § 311.11(a) "sweeps in depictions of a broader range of 'sexual conduct'

---

**[8]** In *Chavez-Solis*, we considered whether a California Penal Code § 311.11(a) conviction was an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43)(I), for immigration removal purposes. In conducting that inquiry the court looked at the same federal child pornography statute here, and therefore, our previous analysis applies here.

than the federal child pornography statute," and therefore is categorically overbroad. *Id.*

As stated, that a state statute of conviction is not a categorical match to the federal definition does not end the inquiry. If a statute is divisible, we apply a "modified categorical approach" that "allows us to look beyond the statutory text to a limited set of documents to determine whether the petitioner was necessarily convicted of all the elements of the federal generic offense." *Id.* at 1012 (citation omitted). We only employ the modified categorical approach where the state statute of conviction is divisible, meaning it "lists multiple, alternative elements, and so effectively creates several different . . . crimes." *Id.* (quoting *Rendon v. Holder*, 764 F.3d 1077, 1083 (9th Cir. 2014)). *Chavez-Solis* held that § 311.11(a) is not divisible and, therefore, our categorical inquiry need not go further. *Id.* at 1012–13.

In sum, as the district court concluded, Reinhart's California Penal Code § 311.11(a) conviction does not trigger the federal § 2252(b)(2)'s mandatory minimum because there is not a categorical match and the California statute is indivisible.

### 2.  California Penal Code § 311.3(a)

Reinhart also was previously convicted under California Penal Code § 311.3(a), sexual exploitation of child. Section 311.3(a) punishes anyone who "knowingly develops, duplicates, prints, or exchanges any representation of information, data, or image . . . that contains or incorporates in any manner, any film or filmstrip that depicts a person under the age of 18 years engaged in an act of sexual conduct." Cal. Penal Code § 311.3(a). Section 311.3 defines "sexual conduct" within that provision as:

(1) Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex or between humans and animals.

(2) Penetration of the vagina or rectum by any object.

(3) Masturbation for the purpose of sexual stimulation of the viewer.

(4) Sadomasochistic abuse for the purpose of sexual stimulation of the viewer.

(5) Exhibition of the genitals or the pubic or rectal area of any person for the purpose of sexual stimulation of the viewer.

(6) Defecation or urination for the purpose of sexual stimulation of the viewer.

Cal. Penal Code § 311.3(b).[9]

We agree with the district court's conclusion below and hold that § 311.3 is overbroad as compared to the federal definition of "sexually explicit conduct." The federal statute defining "sexually explicit conduct" covers "(i) sexual intercourse, . . . ; (ii) bestiality; (iii) masturbation;

---

[9] Unlike the definition that applies in California Penal Code § 311.11, the definition of "sexual conduct" in California Penal Code § 311.3 does not incorporate California Penal Code § 288. Accordingly, *Chavez-Solis*'s reasoning regarding § 311.11's overbreadth due to the broad scope of conduct under § 288 does not apply to California Penal Code § 311.3.

(iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A). There is overlap between the first five types of conduct listed in California Penal Code § 311.3(b) and the conduct listed in the federal statute. However, California Penal Code § 311.3(b) includes a sixth type of conduct, "[d]efecation or urination for the purpose of sexual stimulation of the viewer." For there to be a categorical match, anyone convicted under the state statute of conviction must necessarily be guilty of all the federal statute's elements. *See Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013) (stating courts "examine what the state conviction necessarily involved, not the facts underlying the case"). Here, California Penal Code § 311.3(b)'s sixth type of conduct is not *necessarily* covered under the federal statute, and therefore the California statute is overbroad. *See id*.

That the California statute lists "defecation or urination" for sexual stimulation of the viewer separately from "exhibition of the genitals or the pubic or rectal area of any person" for the purpose of sexual stimulation of the viewer confirms that depictions of the former are not necessarily encompassed within the latter. The difference between the conduct of "lascivious exhibition of the genitals or pubic area," in the federal statute at 18 U.S.C. § 2256(2)(A) and the California statute's listing of "[d]efecation or urination for the purpose of sexual stimulation of the viewer" may seem to be a fine line. It is conceivable that in many cases when an individual is involved in defecation or urination for purposes of sexual stimulation of the viewer, there will be exhibition of the genital, pubic, or rectal area of that individual. This is not *necessarily* so, however. It is also conceivable, that in some instances, there may be a depiction of a minor that does not involve exhibition of the genitals or

pubic or rectal area, but the minor is engaged in defecation or urination created for the purpose of sexual stimulation of the viewer. That depiction would fall under California Penal Code § 311.3(b)'s sixth type of conduct, but would not fall under any prong of the federal statute at 18 U.S.C. § 2256(2)(A) defining "sexually explicit conduct." In sum, because broader conduct is encompassed in § 311.3(a), it is categorically overbroad as compared to the federal statute.

California Penal Code § 311.3(a) also is not divisible. Like Reinhart's conviction under California Penal Code § 311.11(a), his conviction under § 311.3(a) refers to "sexual conduct," albeit with a different definition of "sexual conduct."[10] Both statutes punish offenses dealing with depictions of minors and list the ways in which depictions might constitute minors engaged in acts of sexual conduct. *See* California Penal Code §§ 311.3, 311(a). Analyzing § 311.11(a), we held the statute's reference to "'sexual conduct' does not create different crimes, each one depending on the particular sexual conduct depicted in an alleged image of child pornography." *Chavez-Solis*, 803 F.3d 1012. "Rather, th[e] definition simply lists numerous ways in which an image may be considered to depict 'sexual conduct' and thus qualify for the single crime . . . ." *Id.* at 1012–13. The same rationale applies to § 311.3(a), sexual exploitation of child, which also lists ways in which a depiction might show a minor engaged in sexual conduct.

---

[10] As stated, California Penal Code § 311.11(a) refers to "sexual conduct" as defined in § 311.4(d), whereas § 311.3 defines "sexual conduct" within the same provision as the list of six types of conduct noted above at § 311.3(b).

Although § 311.3's definition of "sexual conduct" is worded in the disjunctive, as we held with regard to § 311.11, this does not mean the jury is required to find "that the pornographic materials portray any particular type of sexual conduct—only that the materials portray sexual conduct." [11] *See id.* at 1013 (citing California cases in which jury instructions involving "sexual conduct" listed the various types of sexual conduct without requiring the jury to determine the particular sexual conduct depicted). Because the jury need not unanimously decide what particular sexual conduct is depicted, the listed types of sexual conduct are only means, not elements of the crime. *See Rendon*, 764 F.3d at 1085–86 (holding that a statute is divisible "[o]nly when state law requires that in order to convict the defendant the jury must unanimously agree that he committed a particular substantive offense contained within the disjunctively worded statute"). Finally, although § 311.3 and § 311.11 definitions' of "sexual conduct" are different, the structure of both definitions parallel each other and *Chavez-Solis* leads us to the conclusion that § 311.3 is also not divisible.

In sum, because California Penal Code § 311.3 is indivisible, the modified categorical approach does not

---

[11] Although the parties did not provide a model jury instruction for California Penal Code § 311.3 and the court did not locate one, it appears California courts list the various types of sexual conduct in jury instructions, without requiring that the jury agree on which type of sexual conduct occurred. *See, e.g.*, *People v. Spurlock*, 114 Cal. App. 4th 1122, 1130–31 (2003) (holding trial court was not required to instruct *sua sponte* on the meaning of "exhibition of the genitals" or "for the purpose of sexual stimulation of the viewer" and upholding a jury instruction for charges under § 311.3 that stated "[s]exual conduct means any of the following, whether actual or simulated: . . . exhibition of genitals, pubic or rectal area for the purposes of sexual stimulation of the viewer . . . ." citing to §§ 311.3, 311.4).

apply, and therefore, we do not look to any fact-specific documents to determine whether Reinhart's offense triggers the federal statute. *See Descamps*, 570 U.S. at 257, 263–65. Reinhart's prior conviction under § 311.3(a) does not constitute an offense "relating to . . . the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography" under 18 U.S.C. § 2252(b)(2) and does not trigger the sentencing enhancement.

Neither of Reinhart's two prior California statutes of convictions triggers the mandatory minimum sentence under 18 U.S.C. § 2252(b)(2). We affirm the district court's sentencing determination that the ten-year mandatory minimum did not apply.[12]

## III.  Conclusion

We hold that 18 U.S.C. § 2252(b)(2)'s reference to offenses "relating to" child pornography must be read more narrowly due to the statutory text that limits the meaning of "child pornography" and "sexually explicit conduct." *See* 18 U.S.C. § 2256(2)(A), (8). In accordance with this more narrowed reading of "relating to," we apply the categorical approach in determining whether Reinhart's prior California statutes of conviction trigger the federal sentencing enhancement provision at 18 U.S.C. § 2252(b)(2). Under the categorical approach, we conclude that both California Penal Code § 311.11 and § 311.3 are overbroad compared to the federal statute and indivisible. Accordingly, neither of

---

[12] The court need not reach Reinhart's argument that the government's interpretation of § 2252(b)(2)'s "relating to" clause is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551, 2556–57 (2015).

Reinhart's prior California statutes of conviction triggers 18 U.S.C.§ 2252(b)(2)'s ten-year mandatory minimums sentencing enhancement.

We **AFFIRM**.