**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 31 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-30205 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00160-TSZ-1 |
| v. | |
| RAYMOND EARL DEVORE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted March 8, 2019
Seattle, Washington

Before:  GOULD and PAEZ, Circuit Judges, and JACK,[**] District Judge.

Raymond Earl Devore ("Devore") was convicted of one count distribution

of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and 18 U.S.C. §

2252(b)(1), one count receipt of child pornography, in violation of 18 U.S.C. §

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Janis Graham Jack, United States District Judge for
the Southern District of Texas, sitting by designation.

2252(a)(2) and 18 U.S.C. § 2252(b)(1), two counts possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), one count production of child pornography, in violation of 18 U.S.C. § 2251(a) and 18 U.S.C. § 2251(e), and one count enticement of a minor, in violation of 18 U.S.C. §2422(b). On appeal, he challenges the sufficiency of the indictment with regard to the one count production of child pornography, and the district court's determination that his prior convictions under Washington law for possession and distribution of depictions of a minor engaged in sexually explicit conduct trigger the recidivist sentencing enhancement of 18 U.S.C. § 2251(e). This court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We hold that the indictment sufficiently stated the charge with regard to the production of child pornography, in violation of 18 U.S.C. § 2251(a) and 18 U.S.C. § 2251(e) and affirm the district court's application of the sentencing enhancement pursuant to 18 U.S.C. § 2251(e).

1. In order for an indictment to be sufficient and put the defendant on adequate notice it must contain the necessary elements of the crime alleged. *United States v. Jackson*, 72 F.3d 1370, 1380 (9th Cir. 1995). When used in the law, the word "attempt" connotes both action and intent. *United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007). The indictment included the phrase

2

"attempt to" in the relevant charge. Thus, the indictment adequately put Devore on notice of the intent component of the charge.

2. The term "sexual exploitation of children" is not defined in 18 U.S.C. § 2251(e), so the district court had to "'defin[e] the offense based on the ordinary, contemporary, and common meaning of the statutory words.'" *United States v. Sullivan*, 797 F.3d 623, 636 (9th Cir. 2015) (quoting *United States v. Sinerius*, 504 F.3d 737, 740 (9th Cir. 2007)); *accord United States v. Reinhart*, 893 F.3d 606 611–12 (9th Cir. 2018). The district court correctly concluded that Devore's Washington convictions under Wash. Rev. Code §§ 9.68A.050, 9.68A.070, and 9.68A.090 relate to the sexual exploitation of children within the meaning of § 2251(e) due to the "broadening effect" of "relating to" on the term that follows. *Sullivan*, 797 F.3d at 638. The offenses under Wash. Rev. Code §§ 9.68A.050, 9.68A.070, and 9.68A.090 stand in some relation, bear upon, or are associated with the generic offense of sexual exploitation of children. *Id.*

**AFFIRMED.**

*U.S. v. Devore*, No. 17-30205

PAEZ, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that the indictment sufficiently alleged the production of child pornography charge. I disagree, however, with the application of the recidivist sentencing enhancement pursuant to 18 U.S.C. § 2251(e) for two or more prior convictions. The majority's holding is inconsistent with *United States v. Reinhart*, 893 F.3d 606 (9th Cir. 2018). I would remand for resentencing.

Section 2251(e) provides a mandatory sentence of "not less than 35 years" for an individual who "has 2 or more prior convictions under this chapter . . . or under the laws of any State relating to the sexual exploitation of children."[1] In determining whether Devore's state convictions qualify under the multiple-conviction enhancement, I would apply the categorical approach as set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *United States v. Sullivan*, 797 F.3d 623, 635 (9th Cir. 2015).

The categorical approach begins with identifying the federal generic definition of "sexual exploitation of children." *Id*. "[A]pplying well-established statutory principles, where there is a federal definition of" sexual exploitation of children "in the same statutory chapter as the sentencing enhancement . . . we

_____

[1] This section provides a lower mandatory minimum for persons with a single prior conviction "under this chapter . . . or under the laws of any State relating to" a different, longer list of activities. 18 U.S.C. § 2251(e).

apply that definition." *Reinhart*, 893 F.3d at 613. Section 2251 is titled "[s]exual exploitation of children" and makes it a criminal offense where a person "employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate foreign commerce . . . with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct." 18 U.S.C. § 2251(a). In other words, section 2251 defines "sexual exploitation of children" as specific acts for the production of child pornography.

Moreover, in the context of the sentencing guidelines, our court has noted that "'[s]exual abuse or exploitation' does *not* include trafficking in material relating to the sexual abuse or exploitation of a minor." *United States v. Kemmish*, 120 F.3d 937, 942 (9th Cir. 1997) (emphasis added); *see also United States v. Ketcham*, 80 F.3d 789, 794 (3d Cir. 1996) (recognizing that "sexual abuse" and "sexual exploitation" "are terms of art" and refer to different conduct).

Based on the text of section 2251 and the mandate from *Reinhart* that we apply the definition of the generic crime provided in the statute, I would hold that Devore's prior convictions for possession of depictions of a minor engaged in sexually explicit conduct, Wash. Rev. Code § 9.68A.070, dealing in depictions of a

2

minor engaged in sexually explicit conduct, Wash. Rev. Code § 9.68A.050, and communication with a minor for immoral purposes, Wash. Rev. Code § 9.68A.090, are not categorical matches to sexual exploitation of children. *See Sullivan*, 797 F.3d at 635 ("[W]here a state statute of conviction criminalizes more conduct than the federal generic offense, it does not qualify as a categorical match.").

The phrase "relating to" in section 2251(e) does not change the result. *See Mellouli v. Lynch*, 135 S. Ct. 1980, 1990 (2015) (recognizing that, "extended to the furthest reach of their indeterminancy," the words "relating to" "stop nowhere"). *Reinhart* held that California convictions for possession of child pornography and "[s]exual exploitation of child," violations of Cal. Penal Code §§ 311.11(a) and 311.3(a), respectively, were *not* offenses "relating to . . . child pornography" under 18 U.S.C. § 2252(b)(2). 893 F.3d at 608. Because the phrase following "relating to" was defined in the same statutory chapter, *Reinhart* did not treat "relating to" as a reason to depart from the categorical approach. *Id.* at 616.

Here, too, the phrase that follows "relating to" is defined in the same statutory chapter. 18 U.S.C. § 2251 (labeling the section "[s]exual exploitation of children"); *id.* § 2251(a) (defining what conduct is a criminal offense in this section). Following the reasoning of *Reinhart*, because the possession and distribution convictions are not categorical matches, they are not predicate

3

convictions for the purpose of the multiple-convictions enhancement.  I

respectfully dissent.