NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30029 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00107-SI-1 |
| v. | |
| JASON ANDREW DUNLAP, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted March 3, 2020**
Portland, Oregon

Before: WOLLMAN,*** FERNANDEZ, and PAEZ, Circuit Judges.

Jason Andrew Dunlap pleaded guilty to one count of production of child

pornography, in violation of 18 U.S.C. § 2251(a) and (e). He argues that the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Roger L. Wollman, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

district court erred on remand when it calculated his sentencing range under the U.S. Sentencing Guidelines. *See United States v. Dunlap*, 731 F. App'x 698, 699 (9th Cir. 2018) (per curiam) (remanding for resentencing in light of *United States v. Reinhart*, 893 F.3d 606 (9th Cir. 2018)). Having reviewed the district court's interpretation and application of the Guidelines *de novo*, we affirm. *See United States v. Rivera*, 527 F.3d 891, 908 (9th Cir. 2008) (standard of review).

The district court correctly applied the Guidelines in the order set forth in § 1B1.1(a). The court determined that Dunlap's combined adjusted offense level was 48 under § 2G2.1, then decreased the adjusted offense level by 3 for acceptance of responsibility under § 3E1.1, and thereafter applied application note 2 of Part A of Chapter 5, which states that "[a]n offense level of more than 43 is to be treated as an offense level of 43." We reject Dunlap's argument that the Guidelines establish an offense-level cap of 43, from which the 3-level reduction for acceptance of responsibility should have been deducted.

**AFFIRMED**.