**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, <br><br> v. <br><br> THOMAS SCHOPP, AKA Thomas Hiser, *Defendant-Appellant*. | No. 16-30185 <br><br> D.C. No. 1:15-cr-00001-TMB-1 <br><br><br> OPINION |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief District Judge, Presiding

Argued and Submitted June 10, 2019
Anchorage, Alaska

Filed September 16, 2019

Before: A. Wallace Tashima, William A. Fletcher,
and Marsha S. Berzon, Circuit Judges.

Opinion by Judge Berzon

# SUMMARY[*]

## Criminal Law

The panel vacated a life sentence imposed following the defendant's guilty plea to producing child pornography in violation of 18 U.S.C. § 2251(a), and remanded for resentencing, in a case in which the district court, applying the multiple-conviction enhancement contained in 18 U.S.C. § 2251(e), concluded that the defendant's prior Alaska convictions "relat[e] to the sexual exploitation of children."

The panel held that the appeal is permitted despite the defendant's appeal waiver because the appeal goes to the legality of the sentence in that the defendant argues that the imposed life sentence was in excess of the maximum statutory penalty.

Applying the categorical approach, the panel held that the federal generic definition of "sexual exploitation of children" is defined within § 2251 as the production of visual depictions of children engaging in sexually explicit conduct. The panel explained that the "relating to" term in § 2251(e) encompasses state offenses that are a categorical match to the federal offense of production of child pornography and state offenses involving the production of child pornography (that is, the conduct enumerated in § 2251's various subsections), and does not include offenses that entirely lack the visual depictions element that separates "sexual

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

exploitation of children" from other forms of child abuse in the federal criminal offense panoply.

The panel held that because the defendant's prior Alaska convictions concerning the sexual abuse and sexual assault of minors do not require a visual depiction element, they do not "relat[e] to the sexual exploitation of children" and cannot serve as predicate offenses for purposes of the multiple-conviction enhancement in § 2251(e). The panel concluded that the district court therefore erred in applying the enhancement and sentencing the defendant to life imprisonment.

The panel held that the district court's imposition of the wrong sentencing enhancement was plain error that affected the defendant's substantial rights.

## COUNSEL

Myra Sun (argued), Los Angeles, California, for Defendant-Appellant.

Allison Meredith O'Leary (argued) and Kyle Reardon, Assistant United States Attorneys; Bryan Schroder, United States Attorney; Office of the United States Attorney, Anchorage, Alaska; for Plaintiff-Appellee.

**OPINION**

BERZON, Circuit Judge:

Thomas Schopp pleaded guilty to producing child pornography in violation of 18 U.S.C. § 2251(a). Section 2251 is headed "[s]exual exploitation of children" and describes several substantive offenses. The statute's penalty provision provides, among other things, that a defendant with "2 or more prior convictions . . . under the laws of any State *relating to the sexual exploitation of children* . . . shall be . . . imprisoned not less than 35 years nor more than life." 18 U.S.C. § 2251(e) (emphasis added). Our question is whether the meaning of the term "relating to the sexual exploitation of children" in § 2251's enhancement provision should reflect the elements of the substantive crimes described in the same "[s]exual exploitation of children" statute.

Schopp has several prior Alaska convictions relating to the sexual assault and sexual abuse of minors, none involving the production of child pornography. *See* Alaska Stat. § 11.41.410 (1983 Supp.); Alaska Stat. §§ 11.41.438, 11.41.436, 11.41.434 (1993). The district court concluded that Schopp's prior Alaska convictions "relat[e] to the sexual exploitation of children." Applying the multiple-conviction enhancement contained in § 2251(e), the district court sentenced Schopp to life imprisonment, the maximum sentence permitted under that enhancement. We hold that Schopp's prior Alaska convictions are not offenses "relating to the sexual exploitation of children" under § 2251(e), so the district court improperly applied the sentencing enhancement.

# I

In August 2014, Schopp met a fifteen-year-old boy at the grocery store at which they both worked in Juneau, Alaska. Months later, Schopp invited the boy to his apartment and either recorded or photographed himself engaging in sexual acts with the minor on his cellphone camera. Schopp was charged with one count of production of child pornography, in violation of 18 U.S.C. § 2251(a).

Schopp initially pleaded not guilty but later sought to change his plea. At the change of plea hearing, the government established that Schopp had a number of prior state convictions for sexual assault and sexual abuse of minors—specifically, convictions for: (1) six counts of sexual assault in the first degree in violation of Alaska Statutes § 11.41.410(a)(3), from 1988; and (2) two counts of sexual abuse of a minor I in violation of Alaska Statutes § 11.41.434(a)(1), three counts of sexual abuse of minor II in violation of Alaska Statutes § 11.41.436(a)(2), and one count of attempted sexual abuse of a minor III in violation of Alaska Statutes § 11.41.438(a)(1), from 1993.

18 U.S.C. § 2251(e) provides in full:

> Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned not less than 15 years nor more than 30 years, but if such person has one prior conviction under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact

involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 25 years nor more than 50 years, *but if such person has 2 or more prior convictions under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to the sexual exploitation of children, such person shall be fined under this title and imprisoned not less than 35 years nor more than life.* Any organization that violates, or attempts or conspires to violate, this section shall be fined under this title. Whoever, in the course of an offense under this section, engages in conduct that results in the death of a person, shall be punished by death or imprisoned for not less than 30 years or for life.

(emphasis added). Taking the convictions recited by the government into account and applying § 2251(e)'s multiple-conviction enhancement (without specific reference to it), the district court informed Schopp that he faced a mandatory minimum of thirty-five years and a maximum sentence of life imprisonment. At the end of the hearing, however, the district court decided not to accept Schopp's change of plea, because Schopp had equivocated several times as to whether he wished to plead guilty.

A month later, Schopp changed his mind again and pleaded guilty, this time pursuant to a written plea

agreement. In the agreement, Schopp waived his right to appeal on most grounds, reserving the right to appeal only claims alleging ineffective assistance of counsel and involuntariness of the guilty plea. He also stipulated to being "previously convicted on two prior occasions of violations of the laws of the State of Alaska *relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor*," using the language of the single-conviction portion of § 2251(e). (emphasis added). Despite that stipulation, it is clear from the plea agreement's repeated reference to two or more prior state convictions, as well as from the stipulated penalty range of thirty-five years to life, that the agreement contemplated applying the multiple-conviction, not the single-conviction, enhancement.

At the subsequent change of plea hearing, the district court, using the single-conviction enhancement language from the plea agreement, asked Schopp whether he had stipulated to being "convicted on two prior occasions of violations of Alaska law relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor." Schopp confirmed that he had. The district court again informed Schopp that he was subject to a penalty range of thirty-five years to life imprisonment, the sentencing range for the multiple-conviction enhancement. This time, the district court accepted Schopp's plea.

At sentencing, both parties sought a thirty-five-year term of imprisonment (which would have been available under § 2251(e)'s single-conviction enhancement). The district court rejected the joint recommendation. It concluded that several sentencing factors, particularly the seriousness of the offense and the sentencing goals of deterrence and protecting the public, warranted a harsher sentence. The district court

sentenced Schopp to life imprisonment. This appeal followed.

Schopp argues on appeal that his prior Alaska convictions do not "relat[e] to the sexual exploitation of children," so the district court erred by applying § 2251(e)'s multiple-conviction enhancement. That issue triggers de novo review. *See United States v. Sullivan*, 797 F.3d 623, 635 (9th Cir. 2015).

## II

Before reaching the enhancement issue, we address whether, given the appeal waiver, Schopp may pursue this challenge to his life sentence. We have long "recognized that the waiver of a right to appeal may be subject to certain exceptions such as claims involving . . . an illegal sentence imposed in excess of a maximum statutory penalty." *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996).

Had the multiple-conviction enhancement not been applied, Schopp's mandatory penalty range would have been twenty-five to fifty years, the range applicable to persons with a single prior conviction "relating to aggravated sexual abuse, sexual abuse, [or] abusive sexual contact involving a minor or ward." *See* 18 U.S.C. § 2251(e).[1] If, as Schopp argues, the district court erroneously applied § 2251(e)'s multiple-conviction enhancement, the imposed life sentence

---

[1] Schopp concedes that his prior state convictions "relat[e] to aggravated sexual abuse, sexual abuse, [or] abusive sexual contact involving a minor or ward." *See* 18 U.S.C. § 2251(e). There is support in the record for that conclusion. Schopp stipulated in his plea agreement to being "previously convicted on two prior occasions of violations of the laws of the State of Alaska relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor."

was "in excess of [the] maximum statutory penalty." *Baramdyka*, 95 F.3d at 843. Because Schopp's appeal goes to the legality of his sentence, it is permitted despite his appeal waiver.

## III

We turn to whether Schopp's prior state convictions are predicate offenses for the multiple-conviction enhancement under § 2251(e). The categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990), guides this inquiry. *See also Descamps v. United States*, 570 U.S. 254 (2013); *Mathis v. United States*, 136 S. Ct. 2243 (2016).

Under the categorical approach, we first define the federal generic offense. *Id.* at 2248. We then determine "whether the elements of the [state] crime of conviction sufficiently match the elements of [the generic federal crime]." *Id.* In comparing the state and federal statutes, we may "'look only to the statutory definitions'—i.e., the elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions.'" *Descamps*, 570 U.S. at 261 (quoting *Taylor*, 495 U.S. at 600). If the state statute of conviction criminalizes the same or less conduct than the federal generic definition of the offense, it is a categorical match to the federal offense and qualifies as a prior conviction for federal sentencing enhancement purposes. *Id*.

Where the state statute of conviction criminalizes more conduct than the federal generic definition of the offense, it is not a categorical match. In that circumstance, we determine the statute's divisibility. *Id* at 262. A statute is indivisible if it "sets out a single . . . set of elements to define a single crime," even if it provides for alternative means of committing the offense. *Mathis*, 136 S. Ct. at 2248. A statute

is divisible if it "list[s] elements in the alternative, . . . defin[ing] multiple crimes." *Id.* at 2249. We apply the modified categorical approach for divisible statutes, where we "look[] to a limited class of documents . . . to determine what crime, [and] with what elements, a defendant was convicted of." *Id.*

## A

Under the *Taylor* categorical approach, we begin by defining the generic federal offense—"sexual exploitation of children." We have yet to define the offense in a precedential opinion, so this is a matter of first impression.[2]

In defining a generic federal offense, we employ ordinary principles of statutory interpretation to ascertain the meaning of the relevant term, beginning with the text of the statute. *See Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1569 (2017). As additional evidence of the generic meaning of the federal offense we may consider related federal statutes, state criminal codes, the Model Penal Code, and the ordinary meaning of the offense. *Id.* at 1569–71.

---

[2] In two unpublished memorandum dispositions, we concluded that "sexual exploitation of children" was not defined in 18 U.S.C. § 2251 and should therefore be defined according to its "ordinary, contemporary, and common meaning of the statutory words." *See United States v. Clark*, 755 F. App'x 702 (9th Cir. 2019) (citations omitted); *United States v. Devore*, No. 17-30205, 2019 WL 2333975, at *1 (9th Cir. May 31, 2019). Neither case actually defined the substantive term, each holding instead that the defendants' prior convictions were for offenses "*relat[ing] to* the sexual exploitation of children." *Clark*, 755 F. App'x at 702; *Devore*, 2019 WL 2333975 at *1 (emphasis added). Even so, memorandum dispositions are nonbinding in subsequent dispositions, as they are nonprecedential under our circuit rules. *See* 9th Cir. R. 36-3(a).

Starting with the text of the statute: Section 2251 is titled "[s]exual exploitation of children" and sets forth a series of federal offenses, all related to the production of visual depictions of minors engaging in sexually explicit conduct. *See* 18 U.S.C. §§ 2251(a)–(d)(1). Specifically, § 2251 subjects to criminal conviction any person who:

> employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce . . . with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct.

*Id.* at § 2251(a); *see also id.* at § 2251(b) (concerning a parent or legal guardian who knowingly permits a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct); *id.* at § 2251(c)(1) (pertaining to any person who transports sexually explicit visual depictions of a minor); *id.* at § 2251(d)(1) (concerning any person who knowingly seeks or offers through advertisements sexually explicit visual depictions of a minor). A "minor" is defined as a person under the age of 18. 18 U.S.C. § 2256(1). "Sexually explicit conduct" is defined for purposes of the section as actual or simulated intercourse between persons; lascivious exhibition of the genitals, breast, or pubic area; bestiality; masturbation; or sadistic or masochistic abuse. *Id.* at § 2256(2). Each enumerated § 2251 offense references § 2251(e), the provision that sets forth the multiple-conviction enhancement, stating that the offender "shall be

punished as provided under subsection (e)." *Id.* at §§ 2251(a)–(d)(1). 18 U.S.C. § 2251(e), in turn, provides, as relevant:

> [I]f such person has 2 or more prior convictions under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to the sexual exploitation of children, such person shall be fined under this title and imprisoned not less than 35 years nor more than life.

The statute's section heading, when read in conjunction with the statutory text, largely resolves our question concerning the federal generic definition of "sexual exploitation of children." Congress titled § 2251 "[s]exual exploitation of children." By doing so, it signaled that the enumerated federal offenses in § 2251 constitute the federal understanding of the term "sexual exploitation of children," and that the term as subsequently used in § 2251(e) bears that same meaning.

It is of no import that Congress did not set forth the meaning of the statute's heading with a definitional provision (i.e., "sexual exploitation of children is defined as"), although it did define terms used within the statute, in 18 U.S.C. § 2256. Congress frequently uses section headings for the precise purpose of conveying the reach of the offense a statute covers.

For example, the Supreme Court in *Esquivel-Quintana v. Sessions* concluded that "[s]ection 2243, which criminalizes '[s]exual abuse of a minor or ward,' contains the only definition of that phrase in the United States Code."

137 S. Ct. at 1570. Like § 2251, 18 U.S.C. § 2243 does not contain a definitional provision. Aside from two subsection headings which read "[sexual abuse] of a minor" and "[sexual abuse] of a ward," the text contains no express reference to the term. *See* 18 U.S.C. §§ 2243(a)–(b). By concluding that § 2243 defines "sexual abuse of a minor or ward," the Court indicated that a section heading may serve as the basis for establishing what offense is being defined in the statutory text.

The import of section headings for defining federal offenses applies with equal force here.[3] Because § 2251 is titled "[s]exual exploitation of children," the enumerated elements of the offenses described in the statute constitute the definition of the offense bearing that name. All of the offenses described in § 2251 concern visual depictions of children engaging in sexually explicit conduct, with "sexually explicit conduct" defined in a separate statute. *See* 18 U.S.C. §§ 2256(1)–(2). We accordingly hold that the federal generic definition of "sexual exploitation of children" is defined within § 2251 as the production of visual

---

[3] Concerns typically raised when a section heading is relied upon in construing a statute are not here applicable. When section headings are discounted, it is ordinarily because they are not part of the statute as originally enacted and therefore have no bearing on statutory meaning or congressional intent. *See, e.g.*, *United States v. Welden*, 377 U.S. 95, 98 n.4 (1964) ("Certainly where, as here, the 'change of arrangement' was made by a codifier without the approval of Congress, it should be given no weight."); *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 939–40 (9th Cir. 2009) ("There can be little doubt that titles, in general, are of some help, but the mere addition of a title by the Law Revision Counsel cannot change the meaning or intent of a statutory provision."). Here, however, § 2251, as originally enacted, contained the section heading "Sexual exploitation of children." *See* Protection of Children Against Sexual Exploitation Act of 1977, Pub. L. No. 95-225, 92 Stat. 7 (1978).

depictions of children engaging in sexually explicit conduct, or put simply, the production of child pornography.

Although the section heading is an independently sufficient basis for our conclusion, it is not the only indication that we have reached the proper definition of the offense. Defining the federal generic definition of "sexual exploitation of children" as the production of child pornography comports with other federal statutory definitions; the U.S. Sentencing Guidelines; state criminal codes; and Black's Law Dictionary.

For starters, 18 U.S.C. § 3509, which sets forth court procedures for child victims, specifically defines "the term 'exploitation' [as] mean[ing] child pornography or child prostitution." 18 U.S.C. § 3509(a)(6). Not only does this definition generally align with our definition of the offense, it is illustrative of Congress's understanding of exploitative offenses. In defining "exploitation" as it pertains to child victims of sexual crimes by specific reference to child pornography and child prostitution, Congress illustrated that "exploitation" necessarily requires some form of distinct enrichment or benefit deriving from the sexual conduct, other than sexual gratification from the conduct alone.[4]

Furthermore, the Sentencing Guidelines use the term "sexually exploiting a minor" to refer to the "production of sexually explicit visual or printed material" involving minors. *See* U.S.S.G. § 2G2.1. And twenty-three states criminalize the "sexual exploitation of children" (or similarly titled offenses, such as "sexual exploitation of a

---

[4] Child prostitution is not covered under any of the federal offenses described in § 2251. There are no child prostitution prior convictions, however, at issue here.

minor" or "unlawful exploitation of a minor"), all defining the offense as the production of child pornography. *See* Alaska Stat. § 11.41.455; Ariz. Rev. Stat. § 13-3553; Cal. Penal Code § 311.3; Colo. Rev. Stat. § 18-6-403(3); Del. Code Ann. tit. 11, §1108; Ga. Code Ann. §16-12-100; Idaho Code Ann. § 18-1507; Ind. Code § 35-42-4-4; Kan. Stat. Ann. § 21-5510; Me. Stat., tit. 17-A, § 282; Miss. Code Ann. § 97-5-33; Mo. Rev. Stat. § 573.023; N.M. Stat. Ann. § 30-6A-3; N.C. Gen. Stat. § 14-190.16; Okla. Stat. tit. 21, § 843.5; 18 Pa. Cons. Stat. § 6320; S.C. Code Ann. § 16-15-395; S.D. Codified Laws § 22-22-24.3; Tenn. Code Ann. § 39-17-1005; Utah Code Ann. § 76-5b-201; Wash. Rev. Code § 9.68A.040; Wis. Stat. § 948.05; Wyo. Stat. Ann. § 6-4-303.

Finally, Black's Law Dictionary's definition comports with our understanding of the term's usage in § 2251. It defines "sexual exploitation" as "the use of a person, esp. a child, in prostitution, pornography, or other sexually manipulative activity." Black's Law Dictionary (11th ed. 2019). Like the definition contained in 18 U.S.C. § 3509, Black's definition recognizes that "sexual exploitation" includes some form of enrichment of or benefit to the perpetrator beyond sexual gratification, as evidenced by its reference to the same sexually exploitative crimes, child pornography and child prostitution, covered in § 3509.

In short, all roads lead to the same conclusion: "sexual exploitation of children" as contained in § 2551(e) means the production of child pornography.[5]

---

[5] Our definition of "sexual exploitation of children" as contained in § 2251(e) conflicts with definitions adopted by two other federal appellate courts. *See United States v. Mills*, 850 F.3d 693, 697 (4th Cir.

**B**

Having defined the generic federal offense, the *Taylor* categorical approach dictates that we next compare the federal generic offense to the state statutes of conviction. *See Mathis*, 136 S. Ct. at 2248.

Schopp's prior Alaska convictions consist of various degrees of sexual assault and sexual abuse of minors. An offender commits the offenses for which Schopp was convicted previously if he or she satisfies the element of either engaging or attempting to engage in sexual penetration or sexual contact with a minor, or encouraging a minor to engage in sexual contact with another person. *See* Alaska Stat. § 11.41.410 (1983 Supp.); Alaska Stat. §§ 11.41.438, 11.41.436, 11.41.434 (1993). The federal generic definition of "sexual exploitation of children," on the other hand, criminalizes the production of *visual depictions* of children

---

2017) (defining the term as "tak[ing] advantage of children for selfish and sexual purposes"); *United States v. Smith*, 367 F.3d 748, 751 (8th Cir. 2004) (defining "the term [as] unambiguously refer[ring] to any criminal sexual conduct with a child"); *see also United States v. Pavulak*, 700 F.3d 651, 673–74 (3d Cir. 2012) (concluding that the relevant prior state convictions "relat[e] to the sexual exploitation of children" but not defining the substantive term); *United States v. Randolph*, 364 F.3d 118, 122 (3d Cir. 2004) (same). But the analysis in those decisions is fundamentally flawed. Our sister courts failed to employ ordinary principles of statutory interpretation: they did not read the section heading in conjunction with the text of the statute; and they did not consider other uses of the term in federal statutes, state criminal codes, and the Guidelines. Moreover, their definitions obliterate the careful lines Congress has drawn demarcating "sexual abuse" from "sexual exploitation" by failing to grapple with the "exploitation" component of the federal offense and focusing exclusively on the "sexual abuse" aspect.

engaging in sexually explicit conduct, requiring in addition to the underlying child sexual abuse, the creation of sexually explicit depictions.[6] Looking at their diverse elements, it is apparent that the state and federal statutes make criminal different conduct. The state statutes of convictions concerning sexual assault and sexual abuse are thus not a categorical match to the federal definition of "sexual exploitation of children."[7]

Accordingly, we hold that Schopp's prior Alaska convictions are not a categorical match to the generic federal offense of "sexual exploitation of children" and cannot serve

---

[6] Alaska Statutes § 11.41.436 incorporates the conduct aspects but not the visual depiction elements of a separate Alaska statute, § 11.41.455. Section 11.41.436 provides that "an offender commits the crime of sexual abuse of a minor in the second degree if . . . being 16 years of age or older, the offender aids, induces, causes, or encourages a person who is under 16 years of age to engage in *conduct* described in AS 11.41.455(a)(2)–(6)." Alaska Stat. § 11.41.436(a)(4) (1990) (emphasis added). In turn, Alaska Statutes § 11.41.455, which sets forth the offense of "unlawful exploitation of a minor," lists in the subsections incorporated in § 11.41.436 the "conduct" covered under the statute. That "conduct" includes: "(1) sexual penetration; (2) the lewd touching of another person's genitals, anus, or breast; (3) the lewd touching by another person of the child's genitals, anus, or breast; (4) masturbation; (5) bestiality; (6) the lewd exhibition of the child's genitals; or (7) sexual masochism or sadism." Alaska Stat. § 11.41.455(a)(1)–(7) (1990). Reading the statute in context, it is clear that Alaska Statutes § 11.41.436, Schopp's statute of conviction for Sexual Abuse of a Minor II, captures the "actual . . . conduct" listed in § 11.41.455(a)(2)–(6), but does not incorporate the visual depiction aspect of that offense.

[7] We need not determine whether the state statutes are divisible or indivisible. The government does not argue that the modified categorical approach applies or contend that the state statutes of conviction are divisible for purposes of that approach. *See Descamps*, 570 U.S. at 261–62.

as predicate offenses for purposes of the multiple-conviction enhancement under § 2251(e).

## C

Aside from arguing that "sexual exploitation of children" is not defined in § 2251—the argument we have rejected—the government offers two additional contentions concerning the meaning of "sexual exploitation of children" in § 2251(e).

First, espousing the reasoning in *Mills*, 850 F.3d at 693, the government contends that because the single-and-multiple-conviction enhancements in § 2251(e) once contained the same predicate offenses, Congress's 2006 amendment to the enhancement provision reflects a drafting error. The government is suggesting that Congress meant to replace "relating to sexual exploitation of children" in both the single- and multiple-conviction enhancements with "relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward," *see* 18 U.S.C. § 2251(e), but then did so only for the single-conviction enhancement.

We "ha[ve] no free-floating power to rescue Congress from its drafting errors." *King v. Burwell*, 135 S. Ct. 2480, 2504 (2015) (citation and internal quotation marks omitted). "Only when it is patently obvious to a reasonable reader that a drafting mistake has occurred may a court correct the mistake." *Id.* at 2504–05. The rare drafting errors that are corrected are "apparent from the face of the law," such as the drafting error in "the Affordable Care Act [which] creates three separate Section 1563s." *Id.* at 2505; *see also Lamie v. U.S. Tr.*, 540 U.S. 526, 542 (2004) (concluding that a grammatical error in an amended provision in the

Bankruptcy Code was not ambiguous and declining to correct Congress's drafting error).

Here, it is far from apparent that there was a drafting error. Congress quite reasonably could have included a narrower set of offenses for the multiple-conviction enhancement, which carries the hefty maximum penalty of life imprisonment, than for the single-conviction enhancement. Furthermore, the prosecution can obtain a substantial term of imprisonment—between twenty-five and fifty years—using the single-conviction enhancement statute to capture the various "sexual abuse" state offenses not captured under "sexual exploitation of children."[8]

Second, the government contends that Congress intended parallelism between the enumerated federal crimes and the qualifying state offenses in the multiple-conviction enhancement. *See* 18 U.S.C. §§ 1460–1470 (concerning federal obscenity offenses); 18 U.S.C. §§ 2241–2248 (concerning federal sexual abuse offenses); 18 U.S.C. §§ 2421–2429 (concerning federal sex trafficking offenses); 10 U.S.C. § 920 (concerning federal sexual assault under the Uniform Code of Military Justice). The government regards it as "nonsensical" for Congress to enumerate a broad category of qualifying federal offenses, including the various sexual abuse crimes, while limiting qualifying state offenses to the production of child pornography.

That argument falls of its own weight. The enumerated federal offenses are not limited to crimes involving children.

---

[8] Notably, the parties here did not address in the district court the distinctions between the two enhancements, *see supra*, at 7, presumably because they agreed on the imposition of a thirty-five-year sentence, which would have been permissible under both enhancements.

*See, e.g.*, 18 U.S.C. §§ 1460–1466, 1468 (concerning obscenity offenses not specifically involving children); 18 U.S.C. § 2242 (concerning sexual abuse not specifically involving children); 18 U.S.C. §§ 2421–2421A, 2424 (concerning sex trafficking offenses not specifically involving children); 10 U.S.C. § 920 (concerning sexual assault under the Uniform Code of Military Justice not specifically involving children). Whatever else may be true of the term "sexual exploitation of children," the offenses covered by it quite evidently must involve children.

Moreover, this disconnect between the qualifying prior federal convictions and qualifying prior state convictions for sentence enhancements under § 2251(e) is not limited to the multiple-conviction enhancement. The single-conviction enhancement exhibits the same lack of parallelism: Like the multiple-conviction enhancement, the single-conviction enhancement contains federal offenses not limited to crimes involving children, yet limits the qualifying prior state convictions to offenses that exclusively concern children (e.g., the various sexual abuse offenses perpetuated against children, sex trafficking of children, and possession of child pornography). *See* 18 U.S.C. § 2251(e). So no possible interpretation of § 2251(e) produces the parallelism between the enumerated federal offenses and the state offenses the government posits. We cannot say why Congress meant to permit sentencing enhancement for a much broader swath of federal offenses than of state crimes. But there is no disputing that it did. The enumerated federal crimes are therefore entirely uninformative as to the meaning of the term "sexual exploitation of children" as it pertains to the qualifying prior state offenses.

## D

The government makes one final argument as to the scope of the § 2251(e) multiple-conviction enhancement—that the term "relating to," which appears before "sexual exploitation of children," extends the reach of the enhancement to a broader range of state criminal offenses involving sexual abuse of children but lacking any visual depiction component. We cannot agree.

Section 2251(e) does, of course, contain the phrase "*relating to* sexual exploitation of children." (emphasis added). And Supreme Court and Ninth Circuit cases have concluded that the phrase "relating to," under certain circumstances, warrants a broader comparison of state offenses to the federal generic crime at issue than would otherwise be the case. *See Mellouli v. Lynch*, 135 S. Ct. 1980, 1990 (2015); *United States v. Reinhart*, 893 F.3d 606, 610 (9th Cir. 2018). To determine the reach of the "relating to" modifier here, we begin by examining each relevant decision concerning the term "relating to," beginning with our decision in *United States v. Sinerius*, 504 F.3d 737 (9th Cir. 2007).

## 1

This court considered in *Sinerius* whether the defendant's prior Montana conviction for sexual assault under Montana Code Annotated § 45-5-502 was a predicate offense for a sentencing enhancement under 18 U.S.C. §§ 2252A(b)(1)–(2). Sections 2252(A)(b)(1)–(2) set forth a mandatory minimum sentence for the possession of child pornography if a defendant has "a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 504 F.3d at 740. *Sinerius* defining "sexual abuse"

according to the "ordinary, contemporary, and common meaning of the statutory words," gave "sexual" its ordinary meaning and defined "abuse" as meaning to "misuse . . . to use or treat so as to injure, hurt, or damage . . . to commit indecent assault on." *Id.* (quoting *United States v. Lopez-Solis*, 447 F.3d 1201, 1206–07 (9th Cir. 2006)).

*Sinerius* rejected the defendant's argument that the federal offense of "sexual abuse" as delineated in 18 U.S.C. § 2242 defines "sexual abuse" as used in § 2252A. *Id.* at 742–43.[9] It concluded that § 2242's use of the term was

---

[9] Section 2242, which is titled "[s]exual abuse" but like § 2251 does not include an express definition of the phrase used as the title, provides in full:

> Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly–
>
> (1) causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping); or
>
> (2) engages in a sexual act with another person if that other person is–
>
> (A) incapable of appraising the nature of the conduct; or
>
> (B) physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act; or attempts to do so, shall be fined under

inapplicable because it is located in an entirely different chapter. *Id*. The court then held that the prior Montana conviction at the very least "relat[ed] to . . . sexual abuse," as the least egregious conduct under the Montana statute— "consensual" sexual contact by a sixteen-year-old toward a thirteen-year-old—categorically matched the generic federal definition of "sexual abuse." *Id.* at 741.

Years later, the Supreme Court in *Mellouli v. Lynch*, 135 S. Ct. at 1980, provided significant guidance as to the reach of the phrase "relating to" in the categorical inquiry context. *Mellouli* considered whether a Kansas misdemeanor conviction for possessing drug paraphernalia triggered 8 U.S.C. § 1227, the federal immigration removal statute. 135 S. Ct. at 1984. Section 1227 applies to noncitizens "convicted of a violation of . . . any law or regulation of a State, the United States, or a foreign country *relating to a controlled substance (as defined in section 802 of Title 21)*." 8 U.S.C. § 1227(a)(2)(B)(i) (emphasis added). The government, relying on the federal removal statute's "relating to" language, argued that a substantial overlap in the state and federal drug schedules permits "*any* drug crime" to trigger the federal removal statute, regardless of whether the state paraphernalia offense was limited to a federally controlled substance. *Id*. at 1989–91.

Acknowledging that the "relating to" term broadened the effect of the statutory provision to a degree, *Mellouli* concluded that the phrase nonetheless has significant limits, *id*. at 1990–91, as "[c]ontext . . . may tug . . . in favor of a narrower reading." *Id*. at 1990 (internal quotation marks, citation, and alterations omitted). Upon reviewing § 1227's

this title and imprisoned for any term of years or for life.

context, specifically its text and history, the Court concluded that Congress and the Board of Immigration Appeals "required a direct link between [a noncitizen's] crime of conviction and a particular federally controlled drug." *Id.* The "relating to" phrase, that is, does not permit an expansion beyond the substantive linchpin element of the federal generic crime—there, federally controlled substances—although it does permit inclusion of various kinds of conduct involving that generic crime. *Id.* The Court therefore held that the statute's parenthetical reference to 21 U.S.C. § 802 narrowed its application to convictions stemming from federally controlled substances specifically defined in § 802. *Id.* at 1990. Because the Kansas paraphernalia statute made criminal the act of using drug paraphernalia to store or conceal *any* controlled substances, not just those defined in § 802, the defendant's prior state conviction did not trigger the federal removal statute. *Id.* at 1984, 1991.

We applied *Mellouli*'s interpretation of "relating to" in *United States v. Sullivan*, 797 F.3d at 635. *Sullivan* considered whether the defendant's prior California convictions for unlawful sexual intercourse and oral copulation with a minor triggered federal sentencing enhancements under the single prior conviction aspect of 18 U.S.C. §§ 2251(e) and 2252(b)(2). *Id.* at 635. Both §§ 2251(e) and 2252(b)(2) enhancements apply when a defendant has a "prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual contact involving a minor or ward," but the mandatory minimums differ.[10] Like *Sinerius*, *Sullivan*

---

[10] Section 2252(b)(2) reads, in pertinent part:

defined "sexual" according to its ordinary meaning and "abuse" as meaning to "misuse . . . to use or treat so as to injure, hurt, or damage . . . to commit indecent assault on." *Id.* at 636. (quoting *Sinerius*, 504 F.3d at 740). In comparing the federal and state statutes, the court concluded that the prior state convictions were not a categorical match to the federal generic definition because they did not contain a mens rea requirement. *Id*. at 637. *Sullivan* concluded, however, that the prior state convictions were still predicate offenses because they "relat[e] to . . . sexual abuse." *Id.* at 641. In so concluding, *Sullivan* reasoned that, unlike the federal removal statute in *Mellouli*, the text and history of the two federal enhancement statutes at issue neither required a "direct link" between the federal and state statutes of conviction nor contained a limiting parenthetical narrowing the effect of the "relating to" language. *Id.* at 640.

The most recent decision from this court regarding the phrase "relating to" in the categorical approach context, *United States v. Reinhart*, 893 F.3d at 606, considered whether the defendant's prior California convictions for possession of child pornography and sexual exploitation of a child were convictions "relating to child pornography" under § 2252(b)(2), one of the sentencing enhancement

Whoever violates, or attempts or conspires to violate, paragraph (4) of subsection (a) shall be fined under this title or imprisoned not more than 10 years, or both, . . . if such person has a prior conviction under . . . the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

provisions reviewed in *Sullivan*. 893 F.3d at 608. Unlike the federal offenses at issue in *Sinerius* and *Sullivan*, the generic federal offense *Reinhart* considered—"child pornography"—and the related term "sexually explicit conduct" are defined within the same chapter as the federal enhancement. *Id*. at 613. *Reinhart* concluded that when there are federal definitions of the relevant terms within the same chapter as the federal statute, the court must apply those definitions to enhancement provisions as well as to others. *Id*. at 615. It likewise concluded that the presence of such definitions serves as requisite context "tug[ging] . . . in favor of a narrower reading" of "relating to." *Id.* at 615 (citing *Mellouli*, 135 S. Ct. at 1990). *Reinhart* expressly did not, however, read the "relating to" language out of existence; the court instead "anchored [it] to the federal definition of child pornography." *Id*. at 616.

Applying the traditional elements-based categorical approach, *Reinhart* held that the defendant's prior state convictions in that case were not a categorical match to the generic federal definition of "child pornography." *Id.* at 621. Both statutes, California Penal Code § 311.11(a) and California Penal Code § 311.3(a), defined "sexual conduct" more broadly than the federal definitions of "child pornography" and "sexually explicit conduct." *Id.* at 617–19. Because both statutes were indivisible, the modified categorical approach did not apply. *Reinhart* therefore held that neither California statute triggered an enhancement under § 2252(b)(2). *Id*. at 620–21.

**2**

Using these cases as guidance, we address how the phrase "relating to" in § 2251(e) applies here. Under *Mellouli* and *Reinhart*, a statute's context, particularly its text and history, determine the reach of the phrase. *See*

*Mellouli*, 135 S. Ct. at 1990; *Reinhart*, 893 F.3d at 614. The language of § 2251(e) tugs in favor of reading "relating to" as reaching various kinds of conduct involving the central substantive concept, "sexual exploitation of children," but not activity that does not include the key visual depiction aspect of that term.

For starters, the term "sexual exploitation of children" heads *all* offenses included in § 2251, anchoring the meaning of the "relating to" language to the definition of the generic federal offense as the production of child pornography. *Reinhart*, 893 F.3d at 614. Section 2251's subsections then establish that various sorts of conduct "relating to the sexual exploitation of children" are proscribed: Subsection (b) relates to parents and custodians, who sexually exploit their children; subsection (c)(1) relates to persons who transport child pornography through interstate or foreign commerce; and subsection (d)(1) relates to persons who publish any notice or advertisement that seeks or offers to distribute or receive child pornography. Accordingly, a state conviction "relat[es] to the sexual exploitation of children" if it captures the conduct in those subsections, which all contain an element of exploitation that extends beyond unlawful sexual conduct with a minor.[11]

Schopp's various prior state convictions for the sexual abuse and sexual assault of minors do not contain the requisite element of "exploitation," as no visual depiction of sexually explicit conduct is required. His prior convictions

---

[11] It may be that state offenses that have different conduct elements from those covered in § 2251 but that also pertain to child pornography are covered as well. As the issue is not raised, we do not decide it.

for sexual abuse thus do not "relat[e] to the sexual exploitation of children" within the meaning of § 2251.

Despite the statutory evidence to the contrary, the government contends that "relating to sexual exploitation of children" includes all "sexual abuse" crimes involving minors, observing that the production of child pornography depicts such sexual abuse. In other words, although the production of child pornography statute contains other elements as well, the sexual abuse of a child is a necessary component of the offense.

But the statutory materials leave no doubt that Congress considers "sexual exploitation" and "sexual abuse" to be distinct categories of offenses; "sexual exploitation," if anything, is a subset of "sexual abuse." For example, Chapter 110 of Title 18, which includes § 2251, is titled "Sexual Exploitation and Other Abuse of Children," confirming that not all "[s]exual . . . abuse of children" is "sexual exploitation of children." Rather, "sexual exploitation," limited to the production of child pornography, covers a narrower set of conduct than other sexual abuse of children offenses.

*Mellouli* and *Reinhart* do not permit the government's attempt at so broadening the scope of the statute through the "relating to" clause, as to obliterate the careful distinction drawn in the statute between "sexual exploitation of children" and other forms of child sexual abuse. Expanding the statutorily delineated generic offenses through the phrase "relating to" to include categories of federal offenses that could have been included in the multiple-conviction enhancement provision but were not impermissibly throws overboard the overall statutory scheme.

We note, in particular, that the single-conviction enhancement in § 2251(e) delineates *in haec verba* the very sorts of state child sexual abuse offenses the government maintains are secretly buried in the "relating to" phrase that precedes "sexual exploitation of children" in the same subsection. Why Congress would have expressly added the child sex abuse crimes to the single-conviction enhancement if they were already there in the earlier version of that enhancement, *see supra*, 19–20, we are not told. Nor are we told why the single and multiple conviction enhancements in the same subsection read so differently if they mean the same thing.

We therefore adhere to our conclusion that the "relating to" term in § 2251(e) encompasses state offenses that are a categorical match to the federal offense of production of child pornography and state offenses involving the production of such pornography, that is, the conduct enumerated in § 2251's various subsections. It does not include offenses that entirely lack the visual depictions element that separates "sexual exploitation of children" from other forms of child abuse in the federal criminal offense panoply.

Because Schopp's prior Alaska convictions concerning the sexual abuse and sexual assault of minors do not require a visual depiction element, they do not "relat[e] to the sexual exploitation of children" and cannot serve as predicate offenses for purposes of the multiple-conviction enhancement in § 2251(e). The district court therefore erred in applying the enhancement and so in sentencing Schopp to life imprisonment.

**E**

Because Schopp failed to object to the application of the multiple-conviction enhancement below, we review for plain error. *See United States v. Olano*, 507 U.S. 725, 731–32 (1993). "Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights . . . [and] (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (internal citation and alterations omitted).

The district court's imposition of the wrong sentencing enhancement was both error and plain; it affected Schopp's substantial rights because it led to a sentence exceeding the statutory maximum; and "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings" because "it is a miscarriage of justice to give a person an illegal sentence." *Id.* at 1081. We therefore hold that the district court committed plain error by applying § 2251(e)'s multiple-conviction enhancement.

**IV**

In sum, "sexual exploitation of children" as contained in 18 U.S.C. § 2251 is defined within that statute as the production of child pornography. Schopp's prior Alaska convictions for sexual abuse and sexual assault with minors do not "relat[e] to the sexual exploitation of children" and so cannot serve as predicate offenses under § 2251(e). Accordingly, we **REVERSE** Schopp's sentence and **REMAND** for resentencing.