UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30301 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00173-LRS-1 |
| v. | Eastern District of Washington, Spokane |
| CAVON C. CLARK, | |
| Defendant-Appellant. | ORDER |

Before:  BERZON and HURWITZ, Circuit Judges, and DEARIE,[*] District Judge.

The petition for panel rehearing, **Dkt. 35,** is **granted.**  The memorandum disposition filed on March 1, 2019, is withdrawn and replaced by the memorandum disposition filed concurrently with this order.

---

[*]    The Honorable Raymond J. Dearie, United States District Judge for the Eastern District of New York, sitting by designation.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30301 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:11-cr-00173-LRS-1 |
| CAVON C. CLARK, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted May 17, 2018
Seattle, Washington

Before: BERZON and HURWITZ, Circuit Judges, and DEARIE,** District Judge.

Cavon C. Clark was convicted of one count of production of child pornography, in violation of 18 U.S.C. § 2251(b), and one count of transportation of child pornography, in violation of 18 U.S.C.§ 2252A(a)(1). On appeal, he challenges the district court's determination that his prior convictions under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Raymond J. Dearie, United States District Judge for the Eastern District of New York, sitting by designation.

Washington law for possession of depictions of a minor engaged in sexually explicit conduct support imposition of the 18 U.S.C. § 2251(e) recidivist sentencing enhancement on the production count. Clark also challenges the district court's imposition of a single-conviction enhancement under 18 U.S.C. § 2252A(b)(1) on the transportation count. Finally, Clark contests the inclusion in the written judgment of a lifetime term of supervised release that the district court failed to pronounce orally at sentencing.

We reverse the district court's application of the sentencing enhancements, vacate the portion of the written judgment imposing a lifetime term of supervised release, and remand for resentencing.

1. After Clark was sentenced, this Court held that the term "sexual exploitation of children" in 18 U.S.C. § 2251(e) is defined within § 2251 as "the production of child pornography," and that the "relating to" language in the enhancement does not expand its reach beyond offenses that "contain the requisite element of 'exploitation.'" *United States v. Schopp*, 938 F.3d 1053, 1061, 1067 (9th Cir. 2019). Because Clark's convictions under Wash. Rev. Code 9.68A.070 for possession of depictions of a minor engaged in sexually explicit conduct do not include as an element the production of child pornography, the district court erred in finding that they triggered the two-or-more-convictions enhancement of 18 U.S.C.

§ 2251(e).[1]

2.      The district court also erred in applying the single-conviction enhancement of 18 U.S.C. § 2252A(b)(1) in arriving at the sentence on the transportation conviction.  As the government concedes, the Washington offense of possession of depictions of a minor engaged in sexually explicit conduct, Wash. Rev. Code 9.68A.070, is not a categorical match to the federal crime of "possession" of "child pornography," 18 U.S.C. § 2252A(a)(5)(B).  Like the California statute in *United States v. Reinhart*, 893 F.3d 606, 617-21 (9th Cir. 2018), the Washington statute defines "sexually explicit conduct" more expansively than the federal one, as it includes conduct such as clothed touching of a person's genitals.  *Compare* Wash. Rev. Code § 9.68A.011(4), *with* 18 U.S.C. § 2256(2)(A), (8).

3. "The only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant." *United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993) (internal citation and quotation omitted).  The inclusion of a lifetime term of supervised release in the written judgment does not remedy the omission of an oral pronouncement.  We therefore vacate the supervised release portion of Clark's sentence and remand to afford the district court the opportunity to

---

[1]      Because we find that Clark's Washington convictions do not trigger the two-or-more-convictions enhancement of 18 U.S.C. § 2251(e), we do not address his alternative argument that the two convictions should not count as separate qualifying predicate offenses for the purposes of that enhancement.

impose the intended term.  *See id.*

**REVERSED IN PART, VACATED IN PART, AND REMANDED.**