UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-30205 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:15-cr-00160-TSZ-1 |
| | Western District of Washington, |
| RAYMOND EARL DEVORE, | Seattle |
| Defendant-Appellant. | ORDER |

Before:  GOULD and PAEZ, Circuit Judges, and JACK,* District Judge.

The memorandum disposition filed on May 31, 2019, is withdrawn and a

new memorandum shall be filed concurrently with this order.

The stay of the mandate [Docket #52] is lifted, and the mandate shall issue

in the ordinary course.  No petitions for rehearing may be filed.

---

*       The Honorable Janis Graham Jack, United States District Judge for
the Southern District of Texas, sitting by designation.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30205 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00160-TSZ-1 |
| v. | |
| RAYMOND EARL DEVORE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted March 8, 2019
Seattle, Washington

Before: GOULD and PAEZ, Circuit Judges, and JACK,[**] District Judge.

Raymond Earl Devore ("Devore") was convicted of one count distribution

of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and 18 U.S.C. §

2252(b)(1), one count receipt of child pornography, in violation of 18 U.S.C. §

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

2252(a)(2) and 18 U.S.C. § 2252(b)(1), two counts possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), one count production of child pornography, in violation of 18 U.S.C. § 2251(a) and 18 U.S.C. § 2251(e), and one count enticement of a minor, in violation of 18 U.S.C. §2422(b). On appeal, he challenges the sufficiency of the indictment with regard to the one count production of child pornography, and the district court's determination that his prior convictions under Washington law for possession and distribution of depictions of a minor engaged in sexually explicit conduct trigger the recidivist sentencing enhancement of 18 U.S.C. § 2251(e). This court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We hold that the indictment sufficiently stated the charge with regard to the production of child pornography, in violation of 18 U.S.C. § 2251(a) and 18 U.S.C. § 2251(e) and reverse the district court's application of the sentencing enhancement pursuant to 18 U.S.C. § 2251(e).

1. In order for an indictment to be sufficient and put the defendant on adequate notice it must contain the necessary elements of the crime alleged. *United States v. Jackson*, 72 F.3d 1370, 1380 (9th Cir. 1995). When used in the law, the word "attempt" connotes both action and intent. *United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007). The indictment included the phrase

2

"attempt to" in the relevant charge.  Thus, the indictment adequately put Devore on notice of the intent component of the charge.

2.  The generic federal definition of "sexual exploitation of children" is "the production of visual depictions of children engaging in sexually explicit conduct, or . . . the production of child pornography."  *United States v. Schopp*, 938 F.3d 1053, 1061 (9th Cir. 2019).  Devore's Washington convictions under Wash. Rev. Code §§ 9.68A.050, 9.68A.070, and 9.68A.090 do not include as an element the production of child pornography.  Therefore, Devore's Washington convictions do not "relat[e] to the sexual exploitation of children" and cannot serve as predicate offenses under 18 U.S.C. § 2251(e).

**AFFIRMED IN PART AND REVERSED IN PART; SENTENCE VACATED AND REMANDED FOR RESENTENCING.**